IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAN SALAZAR,

       Petitioner,

v.                                                          CIV 02-1099 JP/KBM

JOE WILLIAMS, Warden, et al.,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Dan Salazar's petition for a writ of habeas corpus under 28 U.S.C. § 2254 *(Doc. 1)* and motion for appointment of counsel *(Doc. 3)*. Respondents answered and move to dismiss. *See Docs. 12, 13.* Because Petitioner filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards[1] apply to this case. *E.g., Paxton v. Ward,* 199 F.3d 1197, 1204 (10th Cir. 1999). All of the issues can be resolved on the record, such that an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); Rule 8(a), *Rules Governing Habeas Corpus Under Section 2254.* I find the petition without merit and recommend that it be denied.

---

[1] Under AEDPA standards, a federal court cannot grant a writ of habeas corpus unless: (1) the state court decision is "contrary to, or involved an unreasonable application of . . . Supreme Court" precedent; or (2) is "an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. §§ 2254(d)(1)-(2); *see also Williams v. Taylor,* 529 U.S.362 (2000); *Van Woudenberg v. Gibson,* 211 F.3d 560, 566 & n. 4 (10th Cir. 2000), *cert. denied,*  531 U.S. 1161 (2001).

## I. Background

A four-count criminal information charged Salazar with aggravated battery, attempted first degree murder, attempting to disarm a police officer and resisting an officer. *Answer,* Exh. B. Represented by counsel, he entered a written agreement where he pleaded guilty to aggravated battery and entered an *Alford* plea[2] to attempted second degree murder. *Id.,* Exh. C. The plea agreement specified a maximum penalty of three years incarceration for each count and made no representation concerning whether the sentences would run concurrently. It further provided that "Defendant agrees that the charges do not merge for sentencing and waives any defense of merger." *Id.* at 2. The other charges were dismissed. *Id.*

On August 15, 2001, after hearing statements of the victim's family, the district judge sentenced Salazar to three years on each count, to run consecutively, for a total of six years incarceration. *Answer,* Exh. A; *see also Record Proper* (8/31/01 tapes of sentencing).

After unsuccessfully pursuing state habeas relief through the New Mexico Supreme Court, Petitioner timely filed the instant petition.[3] He raises two claims: (1) aggravated battery is a lesser-included offence of attempted second degree murder and, therefore, separate sentences for both counts violates double jeopardy; and (2) the summary disposition of his state habeas petition was erroneous. *Doc. 1* at 6-7; *see also Answer,* Exhs. E, G.

---

[2] *North Carolina v. Alford,* 400 U.S. 25 (1970).

[3] Salazar filed a state habeas petition on June 24, 2002. *Answer,* Exh. E. The district judge summarily denied the petition without any analysis on June 27, 2002. *Id.,* Exh. F. Salazar then filed his petition for a writ of certiorari with the New Mexico Supreme Court on July 25, 2002. *Id.,* Exh. G. It denied certiorari on August 2, 2002. *Id.,* Exh. H. The instant petition was signed August 22, 2002, postmarked August 28, 2002, and filed on August 30, 2002. *See Doc. 1* (and envelope on left-hand side of file). It is therefore timely filed. *See* 28 U.S.C. § 2244(d).

## II. Analysis

### A. *State Claims Are Not Cognizable In Federal Habeas*

Petitioner maintains that the district judge improperly entered a summary disposition on his state habeas when he was allegedly required by state procedures to have engaged in further proceedings. Respondents correctly assert that this claim is, if anything, a state law error not cognizable in federal habeas. *E.g., Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, his second claim for relief is without merit and should be dismissed.

### B. *Double Jeopardy Claim Is Not Procedurally Defaulted*

Respondents argue that Salazar did not raise his double jeopardy claim in his petition for certiorari, thereby procedurally-defaulting the claim. I do not read the hand-written petition for certiorari that narrowly. This Court construes *pro se* pleadings liberally, as do the New Mexico courts. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *Brooks v. Shanks,* 118 N.M. 716, 718 n.4, 885 P.2d 637, 639 n.4 (N.M. 1994) (and quote therein from *Birdo v. Rodriguez,* 84 N.M. 207, 209, 501 P.2d 195, 197 (1972)).

Petitioner focused his argument around the belief that the district judge's summary disposition was insufficient because it would require the New Mexico Supreme Court to review his double jeopardy claim in the first instance. Nevertheless, Salazar attached a verbatim copy of the state habeas petition that he had submitted to the district judge, and he asked the New Mexico Supreme Court to rule on the merits of his claim if it declined to remand the matter to the district court: "Petitioner seeks review upon the merits of the claim, if not remanded to occur at the District Court level, then Petitioner seeks to obtain same here at the review level." *Answer,* Exh. G at 2. I therefore find that the substance of his double jeopardy argument was fairly

presented to the New Mexico Supreme Court for review on the merits and is not procedurally defaulted. *See Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000); *O'Sullivan v. Boerckel,* 526 U.S. 838, 848-49 (1999).

### *C. Plea Was Voluntary & Double Jeopardy Claim Waived And/Or Without Merit*

Respondents correctly argue that Petitioner waived his double jeopardy claim in the written plea agreement. *See Montoya v. State of New Mexico,* 55 F.3d 1496, 1499 (10th Cir. 1995). Petitioner does not contend here, nor did he to the state court, that he entered the plea containing the waiver of a merger argument unknowingly or involuntarily. Having reviewed the tape of Salazar's plea before the state district judge, I conclude that the plea was knowingly and voluntarily entered.[4]

---

[4] Defendant indicated that he read and signed the plea agreement and his attorney explained it to him, and that he intended to plead guilty. The state district judge reviewed the plea, including maximum sentence of six years. He further reviewed the trial, but not appeal, rights Petitioner would waive by pleading guilty, and Petitioner indicated that he understood and was giving up those rights. The following colloquy then ensued:

> Q: As to aggravated battery what did you do?
> Defendant: I think I, I was drunk and I just went too far and I hit Jimmy, kicking him and –
> Q: Hitting and kicking someone? Was this on February 12th of this year?
> A: Yes, sir.
> Q: Here, in San Juan County?
> A: Yes, sir.
> Q: Was it in a manner in which great bodily harm could have occurred?
> A: Yes, I think so. Yes, sir.
> Q: All right. State as to attempted second degree murder, what would you show if this went to trial?
> Prosecutor: The state would show that on February 12, 2001, the defendant, Dan Salazar, walked back into the house after beating the victim, Jimmy Griego, and told a witness that he was to call the police officers because he was going to go outside and kill the victim, then proceeded to go outside and beat the victim until the police arrived, putting the victim into a coma and – something he hasn't quite recovered from to this day.
> Q: All right. As to attempted second degree murder pursuant to *North Carolina v. Alford* how do you plead?
> A: Guilty.

Although the waiver argument is dispositive, in the alternative, I find that the double jeopardy claim is without merit. Under New Mexico law, if a defendant commits two discrete acts, "the court may impose separate consecutive punishments for each offense." *Swafford v. State,* 112 N.M. 3, 13, 810 P.2d 1223, 1233 (N.M. 1991). In *State v. Cooper,* the New Mexico Supreme Court declined to address whether battery is ***always*** a lesser-included offense of second degree murder:

> Cooper argues that the conduct that gave rise to his convictions for felony murder and aggravated battery was unitary because Marquez died during the struggle in which the battery occurred. The State counters that the battery was a distinct event from the struggle that resulted in Marquez's death. Cooper's arguments raise the question of whether battery is always a lesser included offense of second degree murder when the conduct that constitutes the battery is indistinguishable from the conduct that causes death. . . . However, we will not address that issue because the facts of this case do not support Cooper's claim that the acts of battery and second degree murder were unitary.
> 
> "Unitary conduct" is often defined by what it is not. Thus, conduct is not unitary "if the defendant commits two discrete acts violative of the same statutory offense, but separated by sufficient indicia of distinctness.". . . The "indicia of distinctness" include the separation between the illegal acts by either time or physical distance, "the quality and nature" of the individual acts, and the objectives and results of each act. . . . Distinctness may also be established by the existence of an intervening event, the defendant's

---

Q: All right. Counsel, as to aggravated battery, have you found that there is a factual basis for that plea?
Defense Counsel: Yes I have, your honor.
Q: As to attempted second degree murder, have you found that there's either a factual basis or that pursuant to *Alford* it's in your client's best interest to enter the plea?
A: Yes I have, your Honor.
Q: All right. I'll find the pleas are knowingly and voluntarily made; that there is a factual basis. I would normally get a presentence report on this case. Is there any objection or anything else?
A: Nothing for the defense, Your Honor.

*Record Proper* (7/2/01 tape of plea).

> intent as evinced by his or her conduct and utterances, the number of victims, and the behavior of the defendant between acts. . . . The resolution of this question turns upon which version of the events – Cooper's or the State's – is best supported by the evidence. . . . [T]he evidence shows that death was not the consequence of the initial act of battery.

*Cooper*, 124 N.M. 277, 287-88, 949 P.2d 660, 670-71 (1997).

Here, Petitioner's conduct was not unitary based on the break in the chain of events as related by the prosecutor during the plea. That recitation demonstrates that Petitioner engaged in two separate and discrete beatings, the latter of which was prefaced by an escalated desire to kill the victim. If under New Mexico law the acts are discrete, this Court need not look at the legislative intent question. *Kersey v. Lytle,* 215 F.3d 1337 (10th Cir. 2000) (unpublished) ("the Double Jeopardy Clause does not prohibit separate punishments for "discrete acts violative of the same statute." [*Swafford v. State,* 810 P.2d 1223, 1233 (N.M.1991) (applying U.S. Supreme Court precedent)]. Thus, if the conduct at issue is non-unitary (or consists of discrete acts), then there is no need to ascertain whether the legislature intended to create separately punishable offenses. *Id.*").

### D. Appointment Of Counsel Is Unnecessary

Ordinarily, there is no reason to appoint counsel unless the case has reached the stage of the proceedings where an evidentiary hearing is required. *See e.g., Swazo v. Wyoming Dept. of Corrections,* 23 F.3d 332 (10th Cir. 1994) (§ 2254 case). Under the above analysis, this case will not reach that stage and, therefore, Salazar's motion for appointment of counsel should be denied.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Respondents' motion to dismiss be granted *(Doc. 13),* the § 2254 Petition be denied with prejudice *(Doc. 1),* and Petitioner's motion for appointment of counsel be denied *(Doc. 3).*

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE